UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WASHINGTON, | No. C 05-4139 SI (pr) |
|     Petitioner, | **ORDER OF DISMISSAL** |
|     v. | |
| JAMES E. HALL, warden, | |
|     Respondent. | |

James Washington, currently incarcerated at the Ironwood State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss this action on the ground that the court should abstain under Younger v. Harris, 401 U.S. 37 (1971), because Washington has a habeas petition pending in state court. Washington filed a "motion conditionally supporting respondent's motion to dismiss," in which he stated that he did not oppose the motion if he could receive equitable tolling of the habeas statute of limitations.

Prisoners in state custody who want to challenge either the fact or length of their confinement in federal court by a petition for a writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If available state remedies have not been exhausted as to all

1  claims, the district court must dismiss the petition. See id. at 4-5. The exhaustion requirement
2  is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v.
3  Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If an appeal or collateral challenge of a state
4  criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of
5  the state court action before his state remedies are considered exhausted, even where the issue
6  to be raised in the petition for writ of habeas corpus has been finally settled in the state courts.
7  See id. Even if the federal constitutional question raised by the petitioner cannot be resolved in
8  a pending state action, that action may result in the reversal of the petitioner's conviction on
9  some other ground, thereby mooting the federal question. See id. (citations omitted); cf. Phillips
10 v. Vasquez, 56 F.3d 1030, 1036 (9th Cir. 1995) (allowing death penalty defendant's habeas
11 challenge to guilt determination even though state court challenge to his sentence of death was
12 still pending; extraordinary delay in adjudicating the latter excused exhaustion requirement and,
13 unlike Sherwood, there was no danger that the pending state appeal would moot the federal
14 court's decision).

15     In this action, Washington is challenging a 2001 conviction for being a felon in
16 possession of a firearm. The parties agree that his direct appeal has concluded. They also agree
17 that he now has pending in the California Supreme Court a petition for writ of habeas corpus,
18 filed on August 18, 2005. Washington must await the outcome of that state court challenge to
19 his conviction before presenting his claims in federal court. Until that proceeding is concluded,
20 a habeas petition in this court is premature and must be dismissed. Because Washington has not
21 exhausted his state court remedies, his petition is DISMISSED.[1]

22     After Washington exhausts his state court remedies, he may file a new petition for writ
23 of habeas corpus. He is cautioned not to file an amended petition in this action and not to use

---

[1] Although respondent argued for application of the Younger abstention doctrine rather than application of the exhaustion rule to dismiss this action, it is not clear that the Younger abstention doctrine applies when there is a state habeas petition pending, as opposed to the situation Younger actually addressed, i.e., ongoing criminal proceedings pending in state court. The criminal proceedings against Washington have concluded and his state habeas is a collateral attack on the judgment of conviction/sentence rather than another part of the criminal proceedings against him.

1  the case number for this action because this action is being closed today. When he files a new
2  petition, he should put no case number on the first page, and should submit it with the $5.00
3  filing fee or a completed in forma pauperis application. At that time, the court will give the new
4  petition a new case number.

5  Washington has requested that this court grant equitable tolling of the one-year statute
6  of limitations of the filing of a federal habeas action in exchange for his agreement to a
7  dismissal. See 28 U.S.C. § 2244(d). The two matters are not related: whether dismissal is
8  appropriate does not depend at all upon the existence or non-existence of statute of limitations
9  problems. Washington's request for equitable tolling is denied because it is premature and would
10 require an advisory opinion in that the events allegedly requiring tolling of the limitations period
11 have not yet occurred. Moreover, the record is not sufficiently developed to enable the court to
12 determine that equitable tolling is appropriate. The limitations period might have expired before
13 Washington even filed his state habeas petition, in which case tolling for the 30 days after the
14 pending state habeas petition is denied wouldn't help him avoid the untimeliness problem
15 because equitable tolling cannot revive an expired limitations period. Washington's potential
16 statute of limitations problem does not provide a reason to deny respondent's motion to dismiss.
17 What is important is that Washington knows of the habeas statute of limitations and promptly
18 should file his next habeas petition in federal court after he receives a decision from the
19 California Supreme Court to try to avoid any statute of limitations problem. If respondent raises
20 a timeliness defense in response to the new petition, Washington can make his equitable tolling
21 argument and the court will consider it then.

22  IT IS SO ORDERED.
23 DATED:  May 10, 2006

_____
SUSAN ILLSTON
United States District Judge